

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

```
************************************************************************
                                  *
BONITA A. HART, as Personal       *    CIV 08-1021
Representative of the Estate of   *
Kenneth M. Block, deceased,       *
                                  *
              Plaintiff,          *    MEMORANDUM OPINION
                                  *    AND ORDER
    v.                            *
                                  *
UNITED STATES OF AMERICA,         *
                                  *
              Defendant.          *
                                  *
************************************************************************
```

Plaintiff brought suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, alleging negligence and wrongful death arising out of her son's suicide. Defendant filed a motion for summary judgment, contending that plaintiff cannot support a claim of common law negligence under South Dakota law under the circumstances of this case.

## FACTS

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). In considering the motion for summary judgment, this Court must view the facts in the light most favorable to plaintiff and give plaintiff the benefit of all reasonable inferences that can be drawn from the facts. Donaho, 74 F.3d at 897-98. Defendant submitted a statement of undisputed material facts as required by D.S.D. LR 56.1(B). Plaintiff did not dispute those facts. I will therefore set forth the relevant facts as presented by the defendant.

In March 2006, BIA Special Agent Lou Robertson ("Robertson") and an FBI agent interviewed Kenny Block ("Block") while he was incarcerated in Sisseton, South Dakota, on charges relating to sexual encounters with three girls under the age of 16. At the time of the alleged sexual encounters, Block was 20 years old. During the interview, Block initially denied the allegations but then admitted that he did have sexual encounters with each of the three girls.

Block was initially tearful during the admission but then regained his composure. Block informed Robertson that, when the time came, he would go with the officer rather than being taken in handcuffs.

Block was indicted by a Federal Grand Jury on three counts of sexual abuse of a minor and a federal arrest warrant was issued. On April 25, 2006, Robertson went to the home of Block's parents around 5:45 p.m. Blocks's little brother was playing outside and Robertson asked him if Block was home and could come outside. The little brother went into the house and, shortly thereafter, Block emerged from the house and joined Robertson in Robertson's car. Robertson advised Block of the charges and that there was a court appearance scheduled for the next day. Block was smiling and friendly during that time. Block asked Robertson if Block could go back in the house to finish cleaning his room before they left. Block assured Robertson that he would be quick and pointed out his bedroom window on the top floor. Robertson agreed and Block returned to the house.

Robertson observed Block through the bedroom window moving around as if cleaning his room. When Robertson could no longer see Block, he asked Block's little brother to go inside and tell Block to hurry. Block's little brother did so and returned with the message from Block that he would be right out.

Robertson heard a gunshot, went to the back of the house, and discovered Block dead due to a self-inflicted gunshot wound to the head. Prior to hearing the gunshot, Robertson had no knowledge about Block that would cause Robertson to foresee that Block would commit suicide, that Block had the potential to be a danger to himself, or that there was a gun in the house.

## DECISION

As a general rule, the United States, as a sovereign, cannot be sued without a waiver of its sovereign immunity. Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998).

> The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Johnson v. United States, 534 F.3d 958 (8th Cir. 2008). Claims brought under the FTCA are judged "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The parties briefed in detail South Dakota negligence law. Neither party addressed whether this Court has jurisdiction in this case. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." Marine Equipment Management Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (*citing* Bender v. Williams-Port Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501, *reh'g denied* 476 U.S. 1132, 106 S. Ct. 2003, 90 L. Ed. 2d 682 (1986), (*citing in turn* Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1803))). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

The FTCA represents a limited waiver of that immunity and allows the United States to be sued, subject to various exceptions. Tonelli v. United States, 60 F.3d 492, 494 (8th Cir. 1995). The discretionary function exception, 28 U.S.C. § 2680(a), is one such exception. Pursuant to § 2680(a), the Federal government cannot be sued for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." If an alleged act falls within the discretionary function exception, this Court is without subject matter jurisdiction. Hinsley v. Standing Rock Child Protective Services, 516 F.3d 668, 672 (8th Cir. 2008), (*citing* Dykstra v. U.S. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir.1998)).

In analyzing whether an alleged act or omission falls within the discretionary function exception, the United States Supreme Court has provided two guiding principles to assist the lower courts. Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958 (1988). First, the alleged action must be a matter of choice for the acting employee. *Id.*

> Under this step, we must determine whether a statute, regulation, or policy mandates a specific course of action. If such a mandate exists, the

3

discretionary function exception does not apply and the claim may move forward. When no mandate exists, however, the governmental action is considered the product of judgment or choice (i.e., discretionary), and the first step is satisfied.

Dykstra v. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir.1998).

The second guiding principle requires a court to determine whether the choice is of the kind that the discretionary exception was designed to shield. Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1959. This inquiry reflects the policy of Congress "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. Varig Airlines, 467 U.S. 797, 814, 104 S. Ct. 2755, 2765 (1984). "If the judgment of the governmental official is based on any of these policy considerations, then the discretionary function exception applies and the claim is barred." Dykstra, 140 F.3d at 795. The discretionary exception only insulates the federal government from liability in cases where a government employee makes a decision based upon considerations of public policy. Berkovitz, 486 U.S. at 537, 108 S. Ct. at 1959.

The discretionary function exception applies only when a government employee's conduct is the product of "judgment or choice." Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1959. The record contains the Bureau of Indian Affairs, Office of Law Enforcement Services, Law Enforcement Handbook. Volume 5, Chapter 1, Section 3 of the handbook sets "guidelines" for contact with arrestees. Those guidelines include:

> 6. **Use of Restraint Devices.** The responsibility of an officer for the safe custody of his prisoner permits some discretion in the use of handcuffs and restraining devices. The Bureau requires officers to exercise safety awareness by carefully restraining most prisoners who must be transported to a jail or other location.

The policies and procedures of the BIA Law Enforcement Handbook clearly give officers discretion in determining whether to restrain an arrestee immediately upon arrest. There is no genuine issue of fact that Robertson made a choice to allow Block to go back into the house rather than to immediately restrain Block and place him in Robertson's vehicle. The first principle of the discretionary function exception is satisfied. Whether or not Robertson would have restrained Block while transporting him is unknown and immaterial.

4

Because the BIA Law Enforcement Handbook specifically grants officers discretion in conducting arrests, we presume the officer's actions are grounded in public policy. Dykstra, 140 F.3d at 796. The Eighth Circuit in Dykstra (an action challenging the Bureau of Prisons' failure to take an inmate into protective custody) explained:

> Prison officials supervise inmates based upon security levels, available resources, classification of inmates, and other factors. These factors upon which prison officials base such decisions are inherently grounded in social, political, and economic policy. We have no difficulty in concluding that the discretionary function exception applies to the correctional officer's decision not to place Dykstra in protective custody or to take other protective action.

Id. See also Deuser v. Vecera, 139 F.3d 1190, 1195 (8th Cir. 1998) ("if a provision of the Handbook 'allows the employee discretion, the very existence of the provision creates a strong presumption that a discretionary act authorized by the provision involves consideration of the same policies which led to the promulgation of the' Handbook"). Robertson's actions in not restraining Block and taking him into custody are a "classic example of a 'permissible exercise of policy judgment.'" Id. (citing Berkovitz, 486 U.S. at 539, 108 S.Ct. at 1960).

## ORDER

Because Robertson's actions in relation to the arrest of Block fall within the discretionary function exception of the Federal Tort Claims Act, this Court has no subject matter jurisdiction over either plaintiff's negligence claim or the wrongful death claim. It is therefore unnecessary to address the motion for summary judgment. Based upon the foregoing,

IT IS ORDERED:

1. This case is dismissed with prejudice and with costs for lack of subject matter jurisdiction.

2. The motion for summary judgment, Doc. 21, is denied as moot.

Dated this 11th day of February, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

5